IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IES COMMERCIAL, INC. | § § § | Civil Action No. 4:17-cv-3409 |
| v. | § § | **JURY** |
| INTERSTATE FIRE & CASUALTY COMPANY | § § § | |

**DEFENDANT
INTERSTATE FIRE & CASUALTY COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant INTERSTATE FIRE & CASUALTY COMPANY ("Defendant") respectfully invokes the Court's federal diversity jurisdiction under 28 U.S.C. §1332 and hereby serves notice of its removal of this case from the 125th Judicial District Court of Harris County, Texas, under 28 U.S.C. §1441 and §1446.

**I.   NATURE OF THE SUIT**

1.   This lawsuit arises out of a disputed insurance claim submitted by the Plaintiff, IES COMMERCIAL, INC. ("Plaintiff") to its insurer, the Defendant, requesting liability coverage for allegations made against the Plaintiff in an underlying lawsuit.  Plaintiff contends the Defendant has breached their insurance contract and has violated certain provisions of the Texas Insurance Code by denying coverage.  Plaintiff furthermore seeks a declaration that the Defendant is obligated to provide defense and indemnity to the Plaintiff in the underlying suit.

**II.   PROCEDURAL BACKGROUND**

2.   On October 16, 2017, Plaintiff sued the Defendant by filing Plaintiff's Original Petition in the 125th Judicial District Court of Harris County, Texas, bearing Cause No. 2017-68563, and styled *IES Commercial, Inc. v. Interstate Fire & Casualty Company* ("the State Court

Action"). See Exhibit 2.A. filed herewith.

3. On October 18, 2016, Plaintiff provided the Defendant with a "courtesy copy" of its Original Petition in the State Court Action by emailing a copy of the Petition to attorneys Zacarias Chacon and Jeff Goldwater of the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, who were representing the Defendant in a related matter. Mr. Chacon forwarded the "courtesy copy" of the Petition by email to the Defendant that same day.

4. Harris County online court records indicate that citation was issued to the Defendant on October 25, 2017. As of the date of filing of this Notice of Removal, the Defendant has not yet been served with process in the State Court Action.

5. The Defendant will file an Answer in this Court to comply with the specific pleading requirements under the Federal Rules of Civil Procedure.

### III.   TIMELINESS OF THE REMOVAL

6. This Notice of Removal is timely in all respects. As required under 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty days of the Defendant's receipt of the courtesy copy of the Plaintiff's Original Petition on October 18, 2017.

7. Furthermore, this removal is being filed within one year of the date that the State Court Action was instituted on October 16, 2017, as required under 28 U.S.C. § 1446(c)(1).

### IV.   Venue

8. Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the venue where the State Court Action is pending, i.e., Harris County, Texas. See, Plaintiff's Original Petition filed herewith hereto as Exhibit 2.A.

9. Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in Walker County, Texas, a county also within this federal district and division. See, Plaintiff's Original

Petition at paragraph 7, filed herewith as Exhibit 2.A.

## V. Jurisdictional Basis for Removal

10. This Court may properly exercise its diversity jurisdiction under 28 U.S.C. §1332, as this is a civil action where there is complete diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. The State Court Action may properly be removed under 28 U.S.C. § 1441(b)(2), as the Defendant is not a citizen of the State of Texas.

### A. Amount In Controversy Exceeds $75,000

12. Because this case initially was filed in a Texas state court, Rule 47 of the Texas Rules of Civil Procedure requires a plaintiff to state the amount of monetary relief it seeks. See TEX.R.CIV.P. 47(c). In its Original Petition, the Plaintiff affirmatively states that it seeks to recover more than $100,000. See Exhibit 2.A. filed herewith, Plaintiff's Original Petition at page 1, paragraph 2.

### B. Diversity of Citizenship of All Parties Properly Joined

13. Plaintiff is a corporation formed pursuant to the laws of the state of Delaware and which maintains its principal place of business in Harris County, Texas. See Exhibit 2.A., Plaintiff's Original Petition at paragraph 3.

14. Defendant is a citizen of the state of Illinois for jurisdictional purposes. The Defendant is a corporation formed under the laws of the state of Illinois and maintains its principal place of business in Chicago, Illinois.

## VI. Additional Documents Being Filed In Support of Removal

15. Pursuant to 28 U.S.C. § 1446(a), and Local Rule LR 81 governing removals, all pleadings, process, orders, and all other filings in the state court suit are being filed with this

Notice, along with the required list of all counsel and the parties they represent.  See Exhibits 1 – 6 filed herewith.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice to the Plaintiff of the filing of this Notice of Removal, and will file a notice with the Clerk of the 125th Judicial District Court of Harris County, Texas, where the State Court Action is pending.

## VII. Conclusion and Prayer

17. Plaintiff's pleadings demonstrate the complete diversity of citizenship between the parties.  Plaintiff's pleadings also establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Furthermore, this removal is timely in all respects.  This honorable Court therefore may exercise its federal diversity jurisdiction under 28 U.S.C. §1332.

18. Defendant INTERSTATE FIRE & CASUALTY COMPANY therefore respectfully prays that the Court entertain its federal diversity jurisdiction over this matter.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Christopher W. Martin
    Christopher W. Martin
    E-Mail: martin@mdjwlaw.com
    State Bar No.: 13057620
    Southern District ID No.: 13515

808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEY-IN-CHARGE
FOR DEFENDANT**

OF COUNSEL FOR DEFENDANT:

P. Wayne Pickering
Texas Bar No.: 15975030
Southern District ID No.: 12693

pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2017, a true copy of this document was electronically filed and that the counsel of record noted below designated as counsel to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

>D. Mitchell McFarland
>State Bar No. 13597700
>mmcfarland@munsch.com
>Paul Sculley
>State Bar No. 24008006
>psculley@munsch.com
>MUNSCH HARDT KOPF & HARR, P.C.
>700 Milam Street, Suite 2700
>Houston, Texas 77002-2806
>[T] (713) 222-1470
>[F] (713) 222-1475

**Counsel for Plaintiff**

>*/s/  P. Wayne Pickering*
>P. Wayne Pickering