**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IES COMMERCIAL, INC.** | § | |
| | § | **Civil Action No.** 4:17-cv-3409 |
| **v.** | § | |
| | § | |
| **INTERSTATE FIRE & CASUALTY COMPANY** | § | **JURY** |
| | § | |

**EXHIBIT 2**
**TO DEFENDANTS' NOTICE OF REMOVAL:**

**PLEADINGS AND ANSWERS FILED**

In compliance with 28 U.S.C § 1446(a) and Local Rule 81, Defendant INTERSTATE FIRE & CASUALTY COMPANY ("Defendant"), in support of its Notice of Removal in the above-referenced action submits the following pleadings which assert causes of action:

**A. Plaintiffs' Original Petition (filed on October 16, 2017).**

Defendant did not file an Answer in state court prior to removing the case. In order to accomplish a timely removal of the case, the Defendant elected to remove the case and respond to the suit in federal court prior to answering in the state court proceeding.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Christopher W. Martin
Christopher W. Martin
E-Mail: martin@mdjwlaw.com
State Bar No.: 13057620
Southern District ID No.: 13515

808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE**
**FOR DEFENDANT**

OF COUNSEL FOR DEFENDANT:

P. Wayne Pickering
Texas Bar No.: 15975030
Southern District ID No.: 12693
pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2017, a true copy of this document was electronically filed and that the counsel of record noted below designated as counsel to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

D. Mitchell McFarland
State Bar No. 13597700
mmcfarland@munsch.com
Paul Sculley
State Bar No. 24008006
psculley@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
[T] (713) 222-1470
[F] (713) 222-1475

**Counsel for Plaintiff**

*/s/ P. Wayne Pickering*
P. Wayne Pickering

# EXHIBIT "A"

10/16/2017 11:48 AM
Chris Daniel - District Clerk Harris County
Envelope No. 20084435
By: Wanda Chambers
Filed: 10/16/2017 11:48 AM

CAUSE NO. 2017-68563

| | | |
|---|---|---|
| IES COMMERCIAL,INC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| INTERSTATE FIRE & CASUALTY COMPANY | § | |
| | § | |
| | § | 125th JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

IES Commercial, Inc. files its original petition as follows:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends that this case be governed by Discovery Control Plan Level 2 of Tex. R. Civ. P. 190.3.

**AMOUNT OF MONETARY RELIEF SOUGHT**

2. Plaintiff seeks relief in an amount in excess of $100,000.00 exclusive of interest and costs. Plaintiff also seeks declaratory relief.

**PARTIES**

3. IES Commercial, Inc. is a Delaware corporation with its principal place of business in Harris County, Texas. IES is the successor in interest to IES Multifamily Resources, Inc. and J.W. Gray Electrical Contractors, L.P. (collectively, "IES").

4. Interstate Fire & Casualty ("Interstate") is an insurance company incorporated in Illinois with its principal place of business in Illinois. Interstate is an eligible surplus lines insurer licensed through the Texas Department of Insurance and does business in Texas. Interstate does not maintain an agent for service of process in Texas and may be served by

serving the Texas Commissioner of Insurance as its agent for service of process at: 333 Guadalupe, Austin, Texas 78701, who may then forward service to Interstate at 225 W. Washington Street, Suite 1800, Chicago, Illinois 60606-3458.

**VENUE AND JURISDICTION**

5. Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events giving rise to this claim occurred in Harris County, Texas and/or §15.035(a) because the contract at issue is performable in Harris County, Texas.

6. The value of this claim exceeds the jurisdictional minimum of this court and is within the court's subject matter jurisdiction. This court has personal jurisdiction over Interstate because Interstate is an eligible surplus lines insurer through the Texas Department of Insurance and Interstate does business in Texas. Moreover, the policy was issued to a primary named insured with its principal place of business in Harris County, Texas. This cause of action arises out of Interstate's business and contract in Texas.

**FACTS**

7. Interstate issued policy number PGL 1000278 to IES as a named insured (the "Policy") for the policy period of November 1, 2005 to November 1, 2006. The Policy provided commercial general liability coverage to IES. IES is a defendant in the lawsuit styled: Cause No. 13-26476: *Texas State University System Board of Regents, on behalf of Sam Houston State University v. American Campus Development (SHSU) GP, LLC, et. al.* in the District Court of Walker County, Texas 12th Judicial District (the "Underlying Lawsuit"). IES tendered the Underlying Lawsuit to Interstate for defense and indemnity. As far back as October 23, 2012, Interstate agreed to participate in the defense of IES subject to the $100,000 deductible. As

recently as June 29, 2017, Interstate affirmed its agreement to participate in the defense. However, on August 15, 2017, during the final push before trial of the Underlying Lawsuit set on November 13, 2017, Interstate reversed course, and denied coverage for the Underlying Lawsuit. The denial was based improperly on facts developed during the Underlying Lawsuit and documents that are outside of the pleadings, which is contrary to the "eight corners rule" in Texas.

**CAUSES OF ACTION**

**A. BREACH OF CONTRACT**

8. IES and Interstate are parties to a valid and binding contract - the Policy. IES paid its premiums under the Policy and performed its obligations. The policy provides a duty to defend the insured against lawsuits such as the Underlying Lawsuit. Interstate breached its obligations by failing to pay defense costs incurred in the Underlying Lawsuit and denying coverage for the same. As a result of the breach, IES suffered damages for which it now sues.

**B. TEXAS INSURANCE CODE**

9. The conduct of Interstate (including denying coverage and failing to pay defense costs submitted) violates several portions of the Texas Insurance Code. More specifically, Interstate engaged in an act or practice that violated:

a. §541.051 by making, issuing, circulating, or causing to be made issued or circulated a statement misrepresenting the terms or the Policy, the benefits or advantages promised by the Policy;

b. §541.061 by making untrue statements of material fact and making a material misrepresentation of law;

c. 541.060(a)(1) by misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue;

d. §541.060(a)(2)(A) by not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear; and

e. §541.151(2) by violating the incorporated DTPA §17.46(b) by representing that an agreement confers or involves rights, remedies, or obligations that it does not, upon which IES relied to its detriment.

10. As a result of these violations, Interstate suffered actual damages, for which it now sues. Additionally, IES seeks recovery of additional damages under Tex. Ins. Code §541.152(b) because Interstate committed its actions knowingly. IES seeks additional damages of three times its actual damages. Tex. Ins. Code §541.152(b).

11. Interstate also violated Chapter 542 of the Texas Insurance Code by failing to promptly pay defense costs and by denying a duty to defend. The claim for defense costs and breach of the duty to defend are first party claims under the Policy. *See, Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 20 (Tex. 2007). IES gave proper notice of its claim to Interstate. Interstate is liable for the claim. Interstate violated Tex. Ins. Code. §§542.055-057 by not timely paying the claim. As a result, IES seeks actual damages for the violations and statutory damages pursuant to Tex. Ins. Code §542.060(a) of interest at the rate of 18% per year.

## C. DECLARATORY JUDGMENT

12. Pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37, IES seeks a declaration that it is entitled to defense and indemnity under the Policy issued by Interstate for the claims asserted in the Underlying Lawsuit.

## CONDITIONS PRECEDENT

13. All conditions precedent to the filing of this lawsuit and the assertion of the causes of action alleged have been satisfied by IES to the extent required by law and/or such conditions precedent have been waived or IES has been relieved of the obligation due to the breach by Interstate.

**ATTORNEY'S FEES**

14. As a result of the actions and breaches of Interstate, retention of an attorney was necessary to bring this suit. IES seeks the recovery of all reasonable and necessary attorneys' fees for breach of contract under Tex. Civ. Prac. & Rem. Code Chapter 38 and/or for violations of the Texas Insurance Code under §541.152(a)(1) and §542.060(b).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, IES prays that Interstate be cited to appear herein and that, upon final trial, the court will render judgment in favor of IES against Interstate for all available damages at law or in equity including but not limited to:

a. actual damages for breach of contract;
b. actual damages for violations of Texas Insurance Code Chapter 541;
c. additional damages for violations of Texas Insurance Code Chapter 541 of three times the actual damages;
d. actual damages for violations of Texas Insurance Code Chapter 542;
e. statutory damages for violations of Texas Insurance Code Chapter 542 of 18% interest;
f. a declaration that Interstate owes defense and indemnity to IES for the Underlying Lawsuit;
g. attorneys' fees;
h. pre and post judgment interest;
i. costs of court; and
j. any and all such further relief at law or in equity to which IES may show itself to be entitled.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: _/s/ D. Mitchell McFarland
D. Mitchell McFarland
State Bar No. 13597700
Paul Sculley
State Bar No. 24008006
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
mmcfarland@munsch.com
psculley@munsch.com
Tel: (713) 222-1470
Fax: (713) 222-1475
ATTORNEYS FOR IES